Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7585 | **DATE** | 10/4/2001 |
| **CASE TITLE** | U.S.A. ex rel Eddie Baines vs. Warden Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Respondent Briley's motion to dismiss the petition [16-1] for a writ of habeas corpus is granted because Petitioner Eddie Baines failed to file the instant petition within the one year statue of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. EDDIE BAINES, <br><br> Petitioner, <br><br> v. <br><br> WARDEN KENNETH BRILEY, <br><br> Respondent. | No. 00 C 7585 <br><br> Judge Wayne R. Andersen |

DOCKETED
OCT - 9 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Respondent Kenneth Briley to dismiss the petition for a writ of habeas corpus filed by Petitioner Eddie Baines. For the following reasons, the motion is granted.

## BACKGROUND

Eddie Baines is currently incarcerated at the maximum security Stateville Correctional Center in Joliet, Illinois. On October 7, 1991, Baines was convicted of two counts of armed robbery and sentenced, as an habitual offender, to natural life in prison. Baines appealed his conviction and sentence to the Illinois Appellate Court which affirmed his life sentence. People v. Baines, No. 1-92-0086, Ill.App.Ct. (1st Dist. Sept. 14, 1993). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on February 2, 1994.

On September 8, 1994, Baines filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County. The post-conviction petition was denied on August 15, 1996. Baines then appealed the denial of his post-conviction petition to the Illinois Appellate Court. The State

Appellate Defender filed a motion for leave to withdraw as appellate counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), because no appealable issues existed. The Illinois Appellate Court granted the motion to withdraw and affirmed the Circuit Court's decision on March 31, 1998. People v. Baines, No. 1-96-3262, Ill.App.Ct. (1st Dist. March 31, 1998). Baines filed a Petition for Rehearing before the Illinois Appellate Court which was subsequently denied. Petitioner next filed a petition for leave to appeal to the Illinois Supreme Court which was denied on October 6, 1998.

On March 24, 1999, Baines filed a second *pro se* petition for post-conviction relief in the Circuit Court of Cook County. The second post-conviction petition was denied by the Circuit Court on June 17, 1999. Baines argues that he never received notice from the Circuit Court Clerk of Cook County that his second petition had been denied. Therefore, on September 30, 1999, Petitioner filed a motion for leave to file a late notice of appeal in the Illinois Appellate Court. The motion for leave to file a late notice of appeal was denied on October 22, 1999. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on February 2, 2000.

Baines filed a petition for a writ of habeas corpus in this Court on November 21, 2000. In his petition, Baines raises six claims, none of which amount to a claim of actual innocence.

## DISCUSSION

In his motion to dismiss, Respondent Briley raises two separate arguments as to why the petition for habeas corpus should be dismissed. First, he argues that the Petitioner's second petition for state post-conviction relief was not properly filed and thus did not serve to toll the one year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Second, he argues that, assuming that the successive petition

2

for post-conviction relief was properly filed, Petitioner's failure to perfect a timely appeal of its dismissal did not serve to toll the one year statute of limitations. We will address each these arguments in turn.

AEDPA states that the running of the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## I. Was Petitioner's Second Post-Conviction Petition Properly Filed?

The first argument that Respondent raises to support his motion to dismiss is that, since Petitioner's second petition for post-conviction relief was not properly filed, it cannot serve to toll the one year statute of limitations period pursuant to § 2244(d)(2). Specifically, Respondent claims that, when the Circuit Court of Cook County dismissed Petitioner's second petition for post-conviction relief, it did so based on procedural defects in the petition rather than on the merits of the petition itself. Therefore, Respondent asserts that Mr. Baines' petition in this Court is time barred

3

because the one year statute of limitations expired on October 6, 1999 - a year after the Illinois Supreme Court denied Petitioner's leave to appeal the dismissal of his first post-conviction petition.

The Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. People v. Flores, 153 Ill.2d 264, 272, 606 N.E.2d 1078 (1992); People v. Eddmonds, 143 Ill.2d 501, 510, 578 N.E.2d 952 (1991). As a general rule, the Post-Conviction Hearing Act only contemplates the filing of one post-conviction petition. People v. Jones, 191 Ill.2d 194, 198, 730 N.E.2d 26 (2000). Moreover, section 122-3 of the Post-Conviction Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 1998). Successive petitions are permitted, however, when the proceedings on the initial petition were "deficient in some fundamental way." Flores, 153 Ill.2d at 273.

In his second post-conviction petition, Petitioner primarily argued that he was denied effective assistance of appellate counsel during his initial post-conviction proceedings. In the opinion of Petitioner, this lack of competent post-conviction counsel violated Illinois Supreme Court Rule 651(c), which states that appointed counsel are to do whatever is necessary "for an adequate presentation of petitioner's contentions." During the June 17, 1999 hearing in which Judge Kazmierski of the Circuit Court of Cook County dismissed Petitioner's second petition, it appears that, at least implicitly, the trial judge recognized that he was raising a novel constitutional issue that would permit the filing of a successive petition. The hearing transcript reflects Judge Kazmierski's impression that "[t]he only new issue raised here [is] that of ineffective assistance of counsel

regarding his earlier post conviction petition." We will interpret this statement as tacit recognition that Petitioner's second post-conviction petition was properly before the circuit court.

Having determined then that Petitioner's second petition was viable, we next must resolve whether it was "properly filed" for the purposes of the tolling provision of § 2244(d)(2). In order for a post-conviction petition to be properly filed, its delivery and acceptance must be "in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). In the Seventh Circuit, whether a petition has been "properly filed" is "determined . . . by looking at how the state courts treated it. If they considered the claim on its merits, it was properly filed; if they dismissed it for procedural flaws . . ., then it was not properly filed." Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). We will presume that a state court has considered a case on the merits "'unless the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (*quoting* Harris v. Reed, 489 U.S. 255, 263 (1989)).

In this case, we find that Petitioner's second post-conviction petition was properly filed under the Artuz and Freeman standards. Our reading of the June 17, 1999 hearing transcript is that Judge Kazmierski determined that the ineffective assistance of post-conviction counsel claim was properly before him. His short statement that nothing in Petitioner's second post-conviction petition "warrant[s] a hearing at this time" leaves little doubt in our minds that the trial judge considered the issue, however briefly, and decided that the petition should be dismissed on the merits. Additionally, the lack of any reference in the June 17 transcript to potential procedural defects with respect to the ineffective assistance of appellate counsel claim adds further support to our view that the second petition was dismissed on the merits. Therefore, we find that Petitioner's second petition for post-

conviction relief was properly filed and thus served to toll the one year statute of limitations until at least July 17, 1999.

## II. Does Petitioner's Leave to File a Late Notice of Appeal Toll the Statute of Limitations?

Having determined that Petitioner's second petition for post-conviction relief was properly filed, we must next turn to Respondent's second argument that the habeas corpus petition must be dismissed because Baines did not perfect a timely appeal of the June 17, 1999 dismissal of his second post-conviction petition. Respondent argues that, assuming that the second petition was properly filed, Petitioner had 30 days after the June 17, 1999 dismissal to perfect an appeal of that decision to the Illinois Appellate Court. Under that reasoning, Petitioner must have filed a notice of appeal to the Illinois Appellate Court by July 17, 1999. The record is clear he did not meet this deadline. In fact, Petitioner did not file anything with the Illinois Appellate Court until September 30, 1999, when he filed a motion for leave to file a late notice of appeal. That motion was denied by the Illinois Appellate Court on October 22, 1999, and the Illinois Supreme Court denied Baines' petition for leave to appeal from the Illinois Appellate Court's denial of his late notice of appeal on February 2, 2000. The issue then becomes whether Baines' motion for leave to file a late notice of appeal with the Illinois Appellate Court tolls the one year statute of limitations pursuant to § 2244(d)(2). We hold that it does not.

Briefly, however, we would like to note that Petitioner offers a very sympathetic version of events to explain why he did not timely file his appeal. Essentially, he claims he did not receive notice from the Circuit Court Clerk of Cook County of the dismissal of his second post-conviction petition until August 10, 1999. However, there is credible evidence, including Petitioner's own affidavit from September 10, 1999, which establishes that the Clerk of the Circuit Court mailed

6

notice of the dismissal on or about June 17, 1999. While Petitioner offers hearsay testimony to support his claim that he did not receive the notice of dismissal, he has failed to secure a sworn affidavit, or any other reliable evidence, from anyone working in the Stateville prison mailroom who can corroborate his version of events. Without that, we must assume that the Clerk of the Circuit Court is being truthful when she stated that notice was mailed to Petitioner on June 17.

As was discussed in some detail earlier in this opinion, 28 U.S.C. § 2244(d)(2) only tolls AEDPA's one year limitations period for "the time during which a properly filed application" for state post-conviction relief is pending. As the United States Supreme Court stated in Artuz, a properly filed application is one that has been submitted and accepted "in compliance with the applicable [state] laws and rules governing filings." 531 U.S. at 8. Here, Petitioner clearly did not submit his petition for leave to appeal the dismissal of his second petition for post-conviction relief within the thirty day time limit prescribed by Illinois Supreme Court Rule 606(b). Thus, his petition for leave to appeal to the Illinois Appellate Court was not "properly filed" under § 2244(d)(2).

The fact that the Illinois Supreme Court rules permit the filing of requests for an extension of the appeal period does not alter this conclusion. See Illinois Supreme Court Rule 606(c). It is true that this rule provides that motions for leave to file an untimely petition for leave to appeal will be entertained. However, this cannot transform Petitioner's September 30, 1999 motion to file a late notice of appeal into a perfected appeal which would serve to continue to toll the statute of limitations. If it could, habeas petitioners would be able to obtain unlimited extensions of the time limitations period simply by filing, at their discretion, motions for leave to file a late notice of appeal. See Morgan v. Gilmore, 26 F. Supp. 2d 1035, 1038 (N.D. Ill. 1998); Holloway v. Corcoran, 980 F. Supp. 160, 161-62 (D. Md. 1997). Here, both the Illinois Appellate Court and the Illinois Supreme

Court have determined that Petitioner's attempts to file late appeals were invalid. Under AEDPA, these state court decisions are to be accorded the highest level of deference. See 28 U.S.C. § 2254(d); Lindh v. Murphy, 521 U.S. 320, 334, 117 S.Ct. 2059 n.7 (1997) (§ 2254(d) is "highly deferential standard for evaluating state-court rulings.")

As a consequence, it is the opinion of this Court that Petitioner failed to perfect a timely notice of appeal of the dismissal of his second post-conviction petition to the Illinois Appellate Court. Therefore, the one year statute of limitations period prescribed in 28 U.S.C. § 2244(d)(1) began to run on July 17, 1999. That period terminated on July 17, 2000. Therefore, Petitioner's November 21, 2000 petition for habeas corpus relief filed in this Court was untimely.

## CONCLUSION

Respondent Briley's motion to dismiss the petition for a writ of habeas corpus is granted because Petitioner Eddie Baines failed to file the instant petition within the one year statute of limitations required by the Antiterrorism and Effective Death Penalty Act. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 4, 2001